IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROBERT FULTON ROOD, IV, ) | |
| ) | |
| Petitioner, ) | Criminal Case No. 1:11cr52 |
| V. ) | Civil Action No. 1:14cv1144 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This case comes before the Court on Robert Fulton Rood's ("the Petitioner") Motion To Vacate, Set Aside and/or Correct His Sentence pursuant to Title 28, U.S.C. Section 2255.

On October 23, 2012, the Petitioner was convicted on his plea of guilty of Count 1 of a 16 count Indictment charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. The 15 remaining counts were dismissed pursuant to the Plea Agreement entered into between the parties. At that time, the Petitioner was represented by Peter D. Greenspun, Esquire, whom he retained after his original defense counsel, Nina J. Ginsburg, Esquire, moved to withdraw after the Petitioner declined to waive any possible conflict she might have had. Mr. Greenspun entered his appearance on June 22, 2012, four months before the Petitioner entered his plea.

On March 8, 2013, the Petitioner was sentenced to a 120 month term of imprisonment and ordered to pay restitution in the sum of $9,665,094.33.  Additionally on that date, the Court entered a Preliminary Order of Forfeiture in the amount of $5,236.903.49, and on March 22, 2013 the Petitioner's Motion for Reconsideration of sentence was denied.  An Amended Judgment of Conviction was entered on March 28, 2013

On April 5, 2013, the Petitioner filed his Notice of Appeal to the Fourth Circuit Court of Appeals.  Mr. Greenspun entered his appearance in that court on May 3, 2013.  On May 28, 2013, Cary Citronberg, Esquire entered his appearance on behalf of the Petitioner, and on that same day the Petitioner voluntarily withdrew his Notice of Appeal.  That court ordered his appeal dismissed on June 5, 2013.  The Petitioner filed instant §2255 Motion on September 3, 2014.

In his §2255 Motion the Petitioner asserts eight grounds for relief: (1) that the Government collaborated in a scheme by David Hillman, Southern Management Corporation's President and Chief Executive Officer to infect Ms. Ginsburg's law firm, Ginsburg and DiMuro, LLP for the specific purpose to be able to disingenuously raise a claim of conflict at a time just prior to the trial date; (2) that counsel, was ineffective for not challenging the factual errors in Presentence Report with respect to the ERISA nature of the case and counsel was

2

ineffective for not raising that issue on direct appeal; (3) that Mr. Greenspun was ineffective for failing to challenge errors in the Presentence Report resulting in the Court finding that the Petitioner's Criminal History Category was III rather than I and counsel was ineffective for not raising that issue on direct appeal; (4) that counsel was ineffective for failure to challenge the loss and forfeiture amounts in the Presentence Report, and counsel was ineffective for not raising that issue on direct appeal; (5) that the Petitioner was denied Due Process by the Government's failure to abide by promises made during plea negotiations; (6) that Mr. Greenspun was ineffective in failing to challenge the Court's mishandling of application for departure pursuant to §5K1, and counsel was ineffective for not raising that issue on direct appeal; (7) that David Hillman offered perjured testimony at sentencing and on numerous occasions in written submissions; and (8) that counsel, presumably Ms. Ginsburg, was ineffective for not objecting to the Court erroneously conflicting her out, and counsel was ineffective for not raising that issue on direct appeal.

Title 28, United States Code, Section 2255(f) sets forth the statute of limitations for motions brought under that section:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

3

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Petitioner's Judgment of Conviction became final at the latest on June 5, 2013, when the Court of Appeals ordered his appeal dismissed pursuant to his voluntary withdrawal of it. Absent one or more of the three listed exceptions, the latest date for his filing of his §2255 Motion was June 5, 2014. He filed it on September 3, 2014.

Of those three exceptions, the Petitioner claims the protection of §2255(f)(4), to excuse his failing to timely file grounds (1) to (3) and (5) to (8).  He claims that §2255(f)(3) excuses his tardiness with respect to Ground (4).

The Petitioner's argument that §2255(f)(4) provides him an excuse is unpersuasive. He claims, without proof, that a Complaint he filed with the Virginia State Bar based upon the Court's conflicting his counsel of choice out of the case somehow

4

supports his contention that Ms. Ginsburg should not have been found to have a conflict in further representing him. What he fails to mention is that the Court, the Government, was more than willing that Ms. Ginsburg remain as his defense counsel.   The Government made it clear in its pleading asking for a hearing to determine whether there was a conflict that it did not want Ms. Ginsburg removed from the case.   At the hearing, the Petitioner, through independent counsel, Jeffrey Harris, Esq., informed the Court that, after consultation, the Petitioner had determined that he will not waive any conflict.   Thus, whether the Virginia Bar agrees with the Court that a conflict existed was and is irrelevant.   All the Petitioner had to do was waive any conflict, if there was one, and he would have continued with Ms. Ginsburg as his counsel.

As for the §2255(f)(3) exception, it too is inapplicable. The Petitioner asserts that Robers v. United States, 134 S.Ct. 1854 (2014) excuses his delay.  But, while Robers may indeed present a right "newly recognized by the Supreme Court," such right has not been "made retroactively applicable to cases on collateral review" as required by that exception.   The Petitioner makes no showing that there are any claims that he did not know about, or could have been timely discovered through the exercise of due diligence.

For these reasons, the Petitioner's Motion to Vacate, Set Aside Or Correct Sentence pursuant to 28 U.S.C. § 2255 should be denied as having been brought beyond the statute of limitations.

An appropriate Order shall issue.


*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE


Alexandria, Virginia
July 31 , 2015

6